Opinion by CLINE, J. At the trial the petitioner testified that he was a licensed customhouse broker, the entries herein having been under his direction; that the entered values were the invoice values which he believed to be correct; that, in accordance with the practice for many years, he thought he would be given an opportunity to amend if the appraiser disagreed with the entered values; and that when a new appraiser was appointed the practice was changed and no opportunity to amend was given. On the record presented the court held that there was no intention to defraud the revenue of the United States or to conceal or misrepresent the facts of the case or to deceive the appraiser as to the value of the merchandise. The petition was therefore granted.

BEFORE THE THIRD DIVISION, JANUARY 9, 1948

**No. 52108.**—Estate of V. W. Davis, Deceased *v.* United States, petition 6514–R (Duluth).

Opinion by CLINE, J. At the trial a licensed customhouse broker testified that he was familiar with the practice of the deceased petitioner in connection with making entries; that the entered value was the invoice value which he believed to be correct; that at the time of entry it had been the practice of the appraiser to notify the importer of any difference in value so that the entry could be amended; and that when the merchandise was appraised a new appraiser had been appointed and no opportunity to amend was given. On the record presented the court held that there was no intention to defraud the revenue of the United States or to conceal or misrepresent the facts of the case or to deceive the appraiser as to the value of the merchandise. The petition was therefore granted.

JANUARY 7, 1948

**No. 52109.**—SUIT 4567.—United States *v.* Robert Reiner, Inc.——Reap. Dec. 6440 affirmed November 17, 1947. C. A. D. 370.

BEFORE THE SECOND DIVISION, JANUARY 14, 1948

**No. 52110.**—Fajardo Sugar Co. of Porto Rico *v.* United States, petition 6205–R (San Juan).

Opinion by LAWRENCE, J. From an examination of the record the court was satisfied that the entry of the merchandise at a less value than that returned upon final appraisement was without any intention to defraud the revenue of the United States or to conceal or misrepresent the facts of the case or to deceive the appraiser as to the value of the merchandise. The petition was therefore granted.

**No. 52111.**—Rafael Rodriguez *v.* United States, petition 6320–R (San Juan).

Opinion by LAWRENCE, J. From an examination of the record the court was satisfied that the entry of the merchandise at a less value than that returned upon.

final appraisement was without any intention to defraud the revenue of the United States or to conceal or misrepresent the facts of the case or to deceive the appraiser as to the value of the merchandise. The petition was therefore granted.

**No. 52112.**—Asociacion Azucarera Cooperativa Lafayette *v.* United States, petition 6321–R (San Juan).

Opinion by LAWRENCE, J. From an examination of the record the court was satisfied that the entry of the merchandise at a less value than that returned upon final appraisement was without any intention to defraud the revenue of the United States or to conceal or misrepresent the facts of the case or to deceive the appraiser as to the value of the merchandise. The petition was therefore granted.

**No. 52113.**—Central Aguirre Sugar Co. *v.* United States, petition 6355–R (San Juan).

Opinion by LAWRENCE, J. From an examination of the record the court was satisfied that the entry of the merchandise at a less value than that returned upon final appraisement was without any intention to defraud the revenue of the United States or to conceal or misrepresent the facts of the case or to deceive the appraiser as to the value of the merchandise. The petition was therefore granted.

**No. 52114.**—S. Coll Camalez & Co. *v.* United States, petition 6599–R (San Juan).

Opinion by LAWRENCE, J. From an examination of the record the court was satisfied that the entry of the merchandise at a less value than that returned upon final appraisement was without any intention to defraud the revenue of the United States or to conceal or misrepresent the facts of the case or to deceive the appraiser as to the value of the merchandise. The petition was therefore granted.

**No. 52115.**—Cable and Wireless (West Indies), Ltd. *v.* United States, petition 6322–R (San Juan).

Opinion by LAWRENCE, J. Inasmuch as petition was formally abandoned, it was dismissed.

BEFORE THE FIRST DIVISION, JANUARY 15, 1948

**No. 52116.**—Shun Ying Chong & Co. *v.* United States, protest 981968–G (San Francisco).

Opinion by OLIVER, P. J. In accordance with stipulation of counsel that the items of merchandise marked "A" are similar in all material respects to the articles the subject of *Rolls Razor, Inc.* v. *United States* (6 Cust. Ct. 271, C. D. 480) and Abstract 51306, the claim at 20 percent under paragraph 1558 was sustained.